Good morning. May it please the Court, Mark Herron representing the petitioner Jared McCullock. The BIA's conclusion that Mr. McCullock's two Arizona convictions were for removable offenses was wrong as to both convictions. First, with regard to his 2000 conviction, the government failed to introduce sufficient documentation under the modified categorical approach to conclusively establish what substance Mr. McCullock necessarily admitted to possessing when he pleaded guilty to possession of narcotics. The second, with regard to his 1995 conviction, the documentation that the government introduced fails to establish which subsection of the aggravated assault statute that Mr. McCullock admitted to attempting to commit. First, with regard to his 2000 conviction, this Court's en banc decision in the United States v. Vidal was dispositive in this case. Vidal applied the modified categorical approach in a case where the record of conviction consisted of the complaint and the plea agreement. The complaint in Vidal made factual allegations that would have been sufficient to constitute the generic offense under the modified categorical approach if the complaint could have been relied upon. But the plea agreement itself did not contain any factual basis for the conviction. And the plea agreement also indicated that it was possible that the defendant could have pleaded guilty to or could have admitted facts other than the facts that were alleged in the complaint. Specifically, the plea agreement in Vidal indicated that the defendant pleaded guilty pursuant to People v. West, a California case, under which the defendant can plead guilty to not just the offense that was charged, but any reasonably related, lesser-included offense. Vidal established that in those circumstances, the Court may not just rely on the facts that were alleged in the complaint under the modified categorical approach. The only way that the complaint could be relied upon is if the plea agreement incorporated the allegations of the complaint by using what Vidal called the critical phrase, as alleged in the complaint. Here, like in Vidal, the primary documents in the record are the complaint and the plea agreement, although there are two additional minute entries as well. But the complaint is the only document in the record that makes mention of any narcotic that my client was alleged to have possessed. The plea agreement and the minute entries are both silent about what substance Mr. McCulloch admitted to possessing. Therefore, as in Vidal, the record documentation does not establish that Mr. McCulloch's plea necessarily rested on the substance that was alleged in the complaint. Just like in Vidal, the plea agreement in this case undermines the validity of the allegation in the complaint. The plea agreement, paragraph 4, specifically states, This agreement serves to amend the complaint or information to charge the offense to which the defendant pleads without the filing of any additional pleading. Now, the effect of that language under Arizona law is clear. Arizona courts have held that where a plea agreement contains that identical language, the plea agreement serves to modify any prior charging document and, in fact, supersedes the charging documents and itself becomes the charging document. In fact, it undermines the complaint in this case even more so than the complaint was undermined in Vidal, because under the People v. West plea in Vidal, the defendant could only plead guilty to any reasonably related, lesser-included offense. Here, under Arizona law, it's clear that with that language, Mr. McCulloch could have pleaded guilty to any other offense because he agreed to amend the charging instrument. We also know for an independent, for another second reason, that the complaint the complaint's reliability in terms of what substance my client admitted to possessing is undermined because we know that there was an information that was filed after the complaint was filed at some point. And we know that for two reasons. First of all, under the Arizona rules of criminal procedure, those rules require the filing of an information within 10 days after the appearance before a magistrate and the waiving of a preliminary hearing, after the magistrate makes his probable cause determination, or else the charges have to be dismissed. That happened in this case on May 22nd, 2000. Mr. McCulloch pleaded guilty on November 30th, 2000. Therefore, within 10 days after May 22nd, the information had to have been filed or else the charges would have been dismissed. That this is confirmed by the request for judicial notice that we filed, which is the docket sheet from that case, the 2000 case, that demonstrates that there was an information in fact filed on May 30th, 2000. Second, if you actually compare the statutes that are listed in the complaint with the statutes that are listed on the both the plea agreement and the subsequent minute entries, there's an additional statute that's listed there, which is Arizona revised statute section 13-702.01. That statute is not substantive, but its appearance out of the blue on the plea agreement and the two minute entries also confirms that something happened in between the filing of the complaint and the plea agreement, and that we now had to have been the filing of an information. Now, the government had the opportunity to pull the information submitted in this case. The burden of proof is on the government to prove this by clear and convincing evidence. The government also could have introduced the transcript of the plea colloquy, any written factual basis. The government didn't do so. Instead, they chose to rely simply on the complaint, which was undermined, and on the plea agreement. Therefore, the complaint is irrelevant in this case, and, you know, we contend that the – this Court has no way of knowing what substance Mr. McCulloch admitted to pleading. With regard to his 1995 conviction, Your Honors, again, the documentation of the record is faulty. First of all, I'll admit that our primary argument with regard to his 1995 conviction is foreclosed by an intervening precedent by this Court in Taylor. We would reserve the right to, you know, seek en banc determination of that case, of that issue. But we admit that much. But as the starting point for performing this Court's analysis under the categorical approach, the Court has to identify the statute of conviction and compare the elements of that offense with the definition of the crime of violence. Here, there is simply no way of knowing what the elements of Mr. McCulloch's 1995 conviction was because we don't know what subsection of the Arizona aggravated assault statute that Mr. McCulloch was convicted of attempting to commit. The minute entry contains – says that he was convicted of Section 13-1204a to b, which doesn't exist. And the immigration judge brought this up. The government was fully aware that that section didn't exist, and the government actually told the immigration judge, well, Your Honor, it's an old statute. It probably existed back at the time. The government didn't go – do its due diligence to actually determine whether that – and then the government, again, could have introduced the transcript of the plea colloquy, could have introduced additional evidence, but wholly failed to do so. Let's just suppose that you win on your – in a challenge to the 2000 conviction. Yes, Your Honor. And you lose on your challenge to the 1995 conviction. Now, where does that put your claim? Because Mr. McCulloch's 1995 conviction was prior to 1996, there's no disagreement here. The government and Petitioner agree that this Court then would remand to the BIA or to the immigration judge for a determination of his application for a waiver of removability under the – since the 1995 conviction, under former 2006. Yes. For a waiver without reconsidering the validity of that 2000 conviction. That's correct. The 2000 conviction would be off the table at that point. I mean, that's the reason you opposed the remand earlier, right? That's absolutely correct. And the government would not then also have an opportunity to introduce any additional documentation to the record. I'd like to reserve the remainder of my time. Thank you. May it please the Court, Your Honor. I'll ask for the scores for Respondent Eric Holder. I think my worthy opposing attorney may be looking at a different record. I'm looking at page 406 of the administrative record where it says, it is the judgment of this Court that the defendant is guilty of the crimes of, count 1. Elsewhere, count – and then on page 417, the complaint, and it says count 1 is for knowingly possessing or using cocaine base, a narcotic drug. I don't see why that doesn't establish that he was using a narcotic drug. He pled to that count. And he was punished. But didn't the information supersede that? The information, I don't believe, is in the record. We have to go by what's in the record. Well, if he pled to an information, as your opponent is saying, the count is irrelevant – the complaint is irrelevant. What I have here is the plea agreement and the plea judgment, and surely that trumps any putative information. This was what was filed in court, pleading guilty to count 1 of possession of narcotic drugs. But does it count 1 of the information? And if it was, isn't it the responsibility of the government to provide that document for the Court's reference? It would be, but the way what the documents they have here is – refers to the complaint, and that's what's in the record. And if Petitioner felt that was wrong, it was his burden to bring in more information. It's our burden to prove alienage and removability under any of these statutes, and any of these crimes make him removable. But the level that he would have to prove seeking relief from removal is – changes depending on what he's convicted for. But the fact of removability is established. A complaint isn't a charging document in Arizona, so he's saying you really haven't proved up the crime. Well, the government proved up a crime. I mean, he's not denying that he was trafficking in controlled substances. That is a removable offense. When he's seeking relief, it's important that he demonstrate that it wasn't for an aggravated felony or scheduled for a drug, and then he could apply for relief as an aggravated felony. Doesn't the government have to provide the charging document? The government – there's no list of what the government has to provide. We have to provide proof of conviction. Okay. It's uncontested. In Arizona, as Judge Schroeder just said, the complaint is not the charging document. So the complaint may not be – may not describe the crime that the defendant had pled to. You're right. But, again, removability is still established. Why? Because we don't know what he pled to. We know that – He pled to something, but he could have pled to disorderly conduct. No, it's – nothing – the only difference between the information and the complaint is that the – How do we know? We don't know what the information says. Is that nowhere else does it mention that it's cocaine-based, but he did plead guilty to a narcotic offense. That is unfounded. But what does the information say? What is the charging document? And in this case, I presume it's an information. It is the information. Yes. So how do we know what the information says? No, no. Here we have the complaint. The fact that it may be superseded by another charging document. But the complaint – my understanding is in Arizona the complaint is not the charging document. Again, this is something – he's pleaded, he's been sentenced, there is a narcotic involved. That is not in question. That makes him removable. Then the burden shifts to him, and he, as he says – But we don't know what he pled to. But that's the point. No, no. We also don't know what the narcotic is. Exactly. But the point is trafficking in narcotics is a removable offense, and so is the commission of a crime of violence and aggravated felony, which he has not challenged. So he's removable on that ground, and there's no question about that. So it can go forward just with the aggravated felony assault. And as I said, there is no dispute that he was convicted for that. So this is just sort of a second charge. Both of them render him as removable, but the actual – but it's a question of whether that was a second aggravated felony. He already has one, a crime of violence. So it really is not outcome determinative. What – Well, the assault does not disqualify him for a petition under 212C, does it? I'm not – I – Isn't that then at the discretion of the – Do you remember what year that was? 1995? No, it wouldn't. But as – and regarding the information in the complaint, the court, my office did request twice to allow us to reconsider it. And I assume we're here because you thought the facts were sufficient here. But we did ask to rematch the board to ask them to look at it again. And so I'm defending the record we have. Okay. And again, I submit that there is sufficient documentation here to conclude that he's convicted for two aggravated felonies, one narcotics-related, controlled substance-related. He is under one or the other ineligible for relief, and a remand is not warranted because he has committed the aggravated felony, crime of violence, and cannot get to 12C. Thank you, Your Honors. Just two quick points, Your Honors. First, opposing counsel stated that the complaint – that the plea agreement shows that he pleaded guilty to count one, that that must refer to count one of the complaint. The same situation was in Vidal. If you look at Vidal, it listed count one and count two. And it says count one and count two. And the plea – the written plea form there also said that he's pleading guilty to count one and that count two is going to be dismissed. The situation is no different from that case, and because in this case the plea agreement does not refer back and say – does not incorporate the complaint specifically and say that he was charged or that he admitted to the facts as charged in the complaint, the complaint can't be used. Also, the other small point is that opposing counsel stated that trafficking in narcotics is a removable offense. That's certainly true, but as we've established and as the government does not disagree, the narcotics statute in Arizona is broader than the Federal statute. Therefore, we must be able to determine conclusively what substance he was admitted to possessing. With that, we ask that the Court grants the petition. Thank you. Thank you. And again, thank you for participation in our program and for your presentation this morning. The case just argued is submitted for decision.
judges: Schroeder, Tashima, Roth